### BOB KNUDSON V. THE STATE.

No. 4226.   Decided June 19, 1909.

**Injuring Fence of Another—Malicious Mischief—Want of Criminal Intent.**

Where upon trial for unlawfully injuring the fence of another the evidence showed that defendant's farm was surrounded in such a way that he had necessarily to use the way he went out of the premises for egress and ingress, and he merely fixed the wire over prosecutor's gate, so he could go in and out, the conviction could not be sustained.

Appeal from the County Court of Childress. Tried below before the Hon. W. G. Gross.

Appeal from a conviction of unlawfully injuring the fence of another; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of malicious mischief, and his punishment assessed at a fine of $10.

The facts in this case show that appellant's farm was surrounded in such a way that he had been using and necessarily had to use the way he went out of the premises of the prosecuting witness, it being the only way of egress from his farm. Prosecuting witness nailed the gate up and appellant merely fixed the wire so he could go in and out of said place. We think this evidence shows a total lack of criminal intent on the part of appellant to injure the fence.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*